UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EILENE A. SHIMI,

          Plaintiff,

v.                                             Case No. 20-CV-1702

ASSOCIATED FINANCIAL GROUP, LLC, and
ASSOCIATED BANC CORP.,

          Defendants.

# DECISION AND ORDER

Eilene[1] A. Shimi filed this action alleging that she was fired in violation of the Age Discrimination in Employment Act of 1967 (ADEA). (ECF No. 1.) Defendant Associated Financial Group, LLC answered the complaint. (ECF No. 4.) Defendant Associated Banc Corp. has moved to dismiss the complaint against it, asserting that it is not a proper party because it never employed Shimi. (ECF Nos. 5, 6.) Moreover, Shimi's administrative complaint named only Associated Financial Group and, therefore, to the extent that Shimi may have any claim against Associated Banc, she has not exhausted her administrative remedies. (ECF No. 6 at 2.)

---

[1] In her complaint, Shimi once states her first name is "Eilele." (ECF No. 1 at 2.) This appears to be a typo.

Shimi responds that her administrative complaint identified Associated Banc as the parent and owner of Associated Financial. This, she argues, "fits squarely within the single employer doctrine …." (ECF No. 11 at 2.) She asserts that Associated Financial's Chairman and CEO was concurrently a vice president with "Associated Bank," her personnel file was maintained by "Associated Bank," Associated Financial had no independent human resources department but relied on that of "Associated Bank," and the termination notice she received bore "Associated Bank's" name. (ECF No. 11 at 2-3.)

Shimi further argues that Associated Banc was properly named as a party in the administrative proceedings because "the Wisconsin Equal Rights Division very clearly considered and denominated Associated Banc Corp as a respondent to those proceedings." (ECF No. 11 at 3.)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all

inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

In her administrative complaint Shimi actually did not name either Associated Banc or Associated Financial as respondents. Instead, she named "Associated Benefits & Risk Consulting," which she identified as a "subsidiary of Associated Bank." (ECF No. 1-1 at 1.) In her complaint in this court Shimi identifies "ABRC" as a "doing business as" designation of Associated Financial. (ECF No. 1 at 2, 3.) Associated Financial admits this allegation in its answer. (ECF No. 4, ¶¶ 2, 3.) Piecing these details together, it appears that all parties agree that Associated Financial was properly named as a party in the administrative complaint because it does business as ABRC, which stands for "Associated Benefits & Risk Consulting"—the entity Shimi named as the respondent.

But what is material for the present motion is the fact that she clearly did not name Associated Banc as a respondent in her administrative complaint. The form is clear that she is to name only one respondent per form. (ECF No. 1-1 at 1.) She used only one form and named only "Associated Benefits & Risk Consulting," albeit adding parenthetically, "subsidiary of Associated Bank." (ECF No. 1-1 at 1.) Another portion of the form asks, "Does another company own the employer?" Shimi marked the box corresponding to "Yes," and identified the company as "Associated Bank Corp". (ECF No. 1-1 at 4.)

3

Identifying Associated Banc as Associated Benefits & Risk Consulting's parent entity was not enough to alert either Associated Banc or the Wisconsin Equal Rights Division that Shimi was alleging that Associated Banc was also her employer and had also discriminated against her. Even considering the additional information that Shimi presents in response to the motion to dismiss, *see Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997), she has not adequately stated a claim against Associated Banc. At best she has shown that Associated Banc knew of a claim against its subsidiary.

"Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf." *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). Shimi has not shown that she actually asserted any claim against Associated Banc, much less that Associated Banc should have recognized such a claim. Therefore, the court will grant Associated Banc's motion to dismiss.

Even if Shimi had named Associated Banc in her administrative complaint, it would not have made any difference. Shimi has not adequately alleged that Associated Banc was her employer. Only an "employer" may be liable under the ADEA. 29 U.S.C. § 623(a). Outside of a few very narrow exceptions, a parent entity is not liable for employment discrimination by its subsidiary. *See, e.g., Papa v. Katy Indus.*, 166 F.3d 937, 939-41 (7th Cir. 1999). Shimi has not adequately alleged that any of the recognized

4
Case 2:20-cv-01702-WED   Filed 06/09/21   Page 4 of 6   Document 14

exceptions to this rule plausibly apply. Therefore, the fact that Shimi has failed to adequately allege that Associated Banc was her employer is an independent reason to grant Associated Banc's motion to dismiss.

And, finally, even if Shimi had named Associated Banc in her administrative charge and plausibly alleged that Associated Banc was also her employer (or otherwise liable for the acts of its subsidiary), it would not appear to accomplish anything. It would not increase the amount of damages Shimi may be able to recover.

There are two primary reasons why a plaintiff alleging employment discrimination may seek to also sue the parent entity of an employer. First, the subsidiary may be unlikely able to satisfy a judgment. Second, the subsidiary may lack the requisite number of employees to qualify as an "employer" under the applicable federal law. *See Papa v. Katy Indus.*, 166 F.3d 937, 939-41 (7th Cir. 1999). Neither reason for adding Associated Banc as a defendant applies here. There is no indication that Associated Financial would be unable to satisfy any judgment entered against it, nor is there any indication that Associated Financial has fewer than 20 employees, *see* 29 U.S.C. § 630(b) (and it has not invoked the "tiny employer" exception in its answer).

Finally, in granting a motion to dismiss the court ordinarily gives a plaintiff the opportunity to file an amended complaint. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346-47 (7th Cir. 2018). However, the defects in the complaint that require dismissal of Associated Banc as a defendant do not appear remediable through

5
Case 2:20-cv-01702-WED   Filed 06/09/21   Page 5 of 6   Document 14

amendment. Nonetheless, because this case is going ahead as to Associated Financial, should circumstances merit it, Shimi may move to file an amended complaint in accordance with Fed. R. Civ. P. 15(a) and Civ. L.R. 15 (E.D. Wis.).

**IT IS THEREFORE ORDERED** that Associated Banc Corp.'s motion to dismiss (ECF No. 5) is **granted**. Associated Banc Corp. is dismissed as a defendant in this action without prejudice.

Dated at Milwaukee, Wisconsin this 9th day of June, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge